Daniel Lickel (SBN 224510)
3533 Fairmount Ave.
San Diego, CA 92105
Phone: (858) 952-1033
Fax: (619) 546-0792

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Rimon Abaskharon, Rachel Abaskharon, | CASE NO. '21CV275 L    MSB |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | |
| National Credit Systems, Inc., | **(1) VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**, *15 United States Code §* **1692** *et seq.*; |
| Defendant. | |

# INTRODUCTION

1. Plaintiffs RIMON ABASKHARON and RACHEL ABASKHARON, through Plaintiff's counsel, bring this action to challenge the acts of Defendant NATIONAL CREDIT SYSTEMS, INC., under the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs causing Plaintiffs damages.

2. Essentially, Plaintiffs have been pursued for money allegedly owed as a result of their termination of their residential lease. Plaintiffs made an agreement with their prior landlord that resolved an early termination and should not owe any

money to their former landlord or Defendant who is a third-party debt collector. Despite numerous attempts to dispute the alleged debt and explain the legal and factual reasons why Plaintiffs owe no money, Defendant has refused to confirm that Plaintiffs owe no money and cease its collection efforts.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's violations of the FDCPA.

5. Exercise of personal jurisdiction over Defendant comports with the traditional notions of fair play and substantial justice given that Defendant systematically and continuously does business in the State of California and was doing such business with respect to the facts that arise in this case.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred within the Southern District of California.

## PARTIES

7. Plaintiffs are natural persons, and adults, who at all times relevant to this action were residents in San Diego County, California.

8. Plaintiffs are informed, believe, and thereon allege that Defendant National Credit Systems, Inc., is a Georgia corporation doing business in the state of California. Defendant does business by sending collection letters to California.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another; and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

10. Defendant claims that Plaintiffs are obligated to pay a debt, and therefore Plaintiffs are each "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

11. These alleged financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

## FACTS

12. Plaintiffs entered into a lease with BRE Silver MF La Jolla CA LLC (commonly referred to as Avana La Jolla Apartments) on or about July 23, 2019, through its manager and authorized agent.

13. In about July 2019, prior to signing the aforementioned lease, Plaintiffs met with the manager of Avana La Jolla Apartments, the authorized agent of their former landlord, and confirmed an arrangement by which Plaintiffs would have the ability to terminate their tenancy early by paying only one week's worth of rent to break their lease early because their residential unit was going to be renovated after their departure. But for this arrangement being confirmed, Plaintiffs would not have signed the new lease with Avana La Jolla Apartments on or about July 23, 2019.

14. On or about December 2, 2019, Plaintiffs again met with the manager of Avana La Jolla Apartments, the authorized agent of their former landlord, and confirmed the foregoing agreed upon arrangement for early termination of Plaintiffs' lease with their former landlord.

15. The manager agreed to allow early termination as of December 27, 2019, based on this prior agreement with payment of only 7 days of rent, ultimately confirmed as $578.20, which amount Plaintiffs paid to their former landlord on or before their moveout on December 27, 2019. These transactions are reflected in Plaintiffs' account history with Avana La Jolla Apartments.

16. But for the confirmation of this agreement regarding early termination of their lease, Plaintiffs would not have vacated as early as they did.

17. On or about December 23, 2019, Plaintiffs met with a maintenance manager of Avana La Jolla to review the condition of their apartment upon vacating which the maintenance manager confirmed to be in perfect condition with no charge for repair or cleaning fees. That day, pursuant to their agreement with the manager, Plaintiffs surrendered possession of their apartment at Avana La Jolla.

18. After vacating, Plaintiffs received collection letters from Defendant dated February 14, 2020. A true and correct copy of the collection letter addressed to Plaintiff Rachel Abaskharon is attached hereto as **Exhibit 1**. The letter addressed to Plaintiff Rimon Abaskharon was in the same format. These letters falsely stated that Plaintiffs owed an amount of money totaling $2,917.74 to Avana La Jolla Apartments, when in fact Plaintiffs owed nothing due to the early termination agreement that had been made and relied upon detrimentally as alleged above.

19. After sending the collection letters, Defendant attempted to contact Plaintiffs by telephone on 2/19/2020 and 3/9/2020 for the purpose of collecting this sum. Plaintiffs are informed and believe and based thereon allege that after February 14, 2020, Defendant also made false statements that Plaintiffs owed the amount of money demanded to each one of the three credit reporting agencies, Equifax, Transunion and Experian, in order to further Defendant's efforts to collect the false debt from Plaintiffs.

20. On or about March 12, 2020, Plaintiffs sent a dispute letter to Defendant. A true and correct copy of that dispute letter is attached hereto as **Exhibit 2**.

21. On or around April 8, 2020, Defendant sent Plaintiffs a response to the dispute letter, demanding a balance of $2,617.74 without providing any explanation why the balance was reduced only $300.00. A true and correct copy of that letter, without attachments, is attached hereto as **Exhibit 3**. The attachments to the letter did not explain the reason for the $300.00 deduction either.

22. Plaintiffs are informed and believe and based thereon allege that on or about April 3, 2020, Defendant also made false statements that Plaintiffs owed the $2,617.74 demanded to the three credit reporting agencies, Equifax, Transunion and Experian, in order to further Defendant's efforts to collect the false debt from Plaintiffs.

23. On or about April 28, 2020, Plaintiffs sent Defendant a further dispute letter asserting the invalidity of the debt that Defendant has been attempting to collect from Plaintiffs.

24. On or about June 3, 2020, Defendant sent further correspondence to Plaintiffs representing falsely that they owed $2,617.74.  A true and correct copy of this letter is attached as **Exhibit 4**.

25. On or about August 10, 2020, Plaintiffs sent Defendant a further letter disputing the debt claimed in the April 8 and June 3, 2020 letters from Defendant. A true and correct copy of Plaintiffs' dispute letter is attached hereto as **Exhibit 5**.

26. Despite the warnings in Plaintiffs' dispute letters and the explanation for the basis upon which Plaintiffs owe no money, Defendant has persisted in its efforts to collect the alleged debt from Plaintiffs.

27. Plaintiffs have suffered substantial emotional distress as a result of being continually harassed about a false debt.  They have also suffered financially as a result of Defendant's false statements to the credit reporting agencies, which has negatively marred their credit and which has also prevented them from being able to refinance debts that they owe to a lower interest rate, despite their otherwise perfect credit.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

28. Plaintiffs repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

29. Based on information and belief, Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. *15 U.S.C. §1692e(2)(A)* by making a false representation of the character, amount, or legal status of the alleged debt;

b. *15 U.S.C. §1692e(8)* by communicating to a person credit information which is known or should be known to be false;

c. *15 U.S.C. §1692e(10)* by making use of a false representation or deceptive means to collect or attempt to collect a debt;

d. *15 U.S.C. §1692(f )* by using unfair or unconscionable means to collect or attempt to collect a debt;

e. *15 U.S.C. §1692f(1)* by attempting to collect an amount not permitted by law; and

f. *15 U.S.C. §1692g(b)* by not ceasing collection of the debt after Plaintiffs notified Defendant in writing, within thirty-days of receipt of the Letter, that the debt was disputed and Plaintiff requested the name and address of the original creditor or verification of the debt or a copy of the judgment.

30. As a proximate result of each and every violation of the FDCPA committed by Defendant, each Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

31. As actual damages, Plaintiffs' claim includes damages for emotional distress and loss of credit opportunities due to the false credit reporting.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiffs Rimon Abaskharon and Rachael Abaskharon in an amount of at least $25,000.00, according to proof;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff Rimon Abaskharon;

3. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff Rachel Abaskharon;

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs; and

5. Such other and further relief this court may deem just and proper.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

DATED: __2/15/2021__        /s/ Daniel Lickel_____
                            Attorney for Plaintiffs

# EXHIBIT 1

DEPT 855    2424175120029
PO BOX 4115
CONCORD CA 94524

**National Credit Systems, Inc**

P.O. Box 312125 Atlanta, GA 31131-2125
Phone: (404) 629-2728
Toll Free: (800) 459-1539

ADDRESS SERVICE REQUESTED

RACHEL ABASKHARON
6780 FRIARS RD UNIT 365
SAN DIEGO CA 92108-1194

---

Current Creditor: AVANA LA JOLLA APTS / 57                                                                February 14, 2020
Account #: 4318141
Balance: $2917.74

Dear RACHEL ABASKHARON,

It is imperative that you give this matter your prompt attention.

The above referenced account has been placed with this office for collection. National Credit Systems, Inc. has been authorized to recover this debt by way of credit bureau reporting (following this initial 30 day validation period) as well as other available remedies. Our intent is to pursue a resolution of this debt in a manner that is in full compliance of the law.

However, if you contact our office, we will work with you to satisfy this debt in a friendly manner. Your representative will review and explain all charges assessed, consider your individual circumstances, and assist you in resolving this matter. Please be assured that you may still avoid the aforementioned consequences.

We encourage you to visit our user-friendly website at www.nationalcreditsystems.com to:

1. Watch helpful videos.
2. Make payment on your account.
3. Explore links for assistance with your personal finances.

We encourage you to take advantage of this opportunity so we may resolve this debt amicably.
Cordially,

House Collector
Collection Representative
Direct Line: 404-629-2728 or 800-459-1539

Use QR code to gain immediate access for payment.
www.nationalcreditsystems.com

**Required Statutory Notice:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Complaint
-9-

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

ATL13S-0214-1333129383-00994-994

Case 3:21-cv-00275-L-MSB   Document 1   Filed 02/15/21   PageID.10   Page 10 of 20



As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

Complaint
-10-

# EXHIBIT 2

<div style="text-align: right">
Rimon Abaskharon<br>
Rachel Abaskharon<br>
6780 Friars Rd., #365<br>
San Diego, CA 92108
</div>

March 12, 2020

National Credit Systems, Inc.
P.O. Box 312125
Atlanta, GA 31131-2125

National Credit Systems, Inc.
DEPT 855
PO Box 4115
Concord, CA 94524

*Via Certified Mail Return Receipt Requested*

**Re:** **Your letter dated February 14, 2020, demanding $2,917.74**
**Your account no. 4318141**
**Purported Current Creditor: Avana La Jolla Apts. / 57**

To Whom it May Concern:

We write this letter to inform you that we dispute the accuracy of the information contained in the correspondence that National Credit Systems, Inc. ("you"), sent to us dated February 14, 2020. We received two letters from you on February 24, 2020; one addressed to each of us. We also received voicemails from you on 2/19/2020 and 3/9/2020. We are now asserting our rights to dispute this debt under the Federal Fair Debt Collection Practices Act.  We do not owe the $2,917.74 that you claim that we owe.

Please be advised that we made an agreement with our former landlord, whom you claim to represent, that is totally inconsistent with the amount of money you are demanding that we pay. We do not owe anything to you or to Avana La Jolla Apartments.  We terminated our lease with Avana La Jolla Apartments by an agreement that required us to pay $578.20.  If you had the records of our account, you would see that this item was placed on our account on 12/20/2019. Subsequently, pursuant to the agreement, we moved out on December 27, 2019.   No additional early termination fee should have been charged.  Furthermore, the maintenance manager also cleared our apartment of any damages or cleaning charges and specifically told us at our pre-

move-out inspection that no charges would be deducted from our deposit. Based on these facts, we do not owe any money on this account.

As a debt collector, you are obligated under federal law to verify the accuracy of the allegations contained in your letter. Pursuant to *15 U.S.C. Section 1692g*, you must obtain verification of the debt or a copy of the Judgment and forward such verification or copy of the Judgment to us within thirty (30) days following receipt of this letter.

Furthermore, you must provide us with the name and address of the original creditor if different from the current creditor. You must also stop collection of the debt until you obtain verification of the debt, a copy of a Judgment, or the name and address of the original creditor; and you have also provided us with the same.

If you failed to comply with the provisions set forth by the Federal Fair Debt Collection Practices Act and California Fair Debt Collection Practices laws, we may be forced to seek legal action against you. If we are forced to seek legal action, you may be liable for incidental and consequential damages, costs, and possibly punitive damages. Do not attempt to communicate with us except in writing at the address above.

                                              Sincerely,

*/s/ Rimon Abaskharon*                     */s/ Rachel Abaskharon*

   Rimon Abaskharon                     Rachel Abaskharon

# EXHIBIT 3

**National Credit Systems, Inc.**

P.O. Box 312125 Atlanta, GA 31131  (800) 459-1539  (404) 629-2728
Monday - Thursday 8:00 a.m. - 7:00 p.m., Friday 8:00 a.m. - 5:00 p.m.

---

04/08/2020

Rimon Abaskharon
6780 FRIARS RD UNIT 365
San Diego CA 92108-1194

Current Creditor: AVANA LA JOLLA APTS
Client Account Number: 57
NCS Account Number: 4318141

Balance: $2,617.74

We have received your correspondence concerning the above referenced account.

Your dispute has been investigated and the balance of the debt has been adjusted to the amount shown above.

In the event that new information is obtained which places doubt on the validity of this debt, we will promptly update our records accordingly. In addition, National Credit Systems, Inc. will revise or delete the information it may have reported to the three major credit bureaus, in full compliance with the provisions of The Fair Credit Reporting Act, The Fair Debt Collections Practices Act and any state regulations that may be applicable.

Be advised that National Credit Systems, Inc. is a third party debt collection agency whose efforts are solely on behalf of other companies who have previously validated debts.

Enclosed you will find documentation provided to us by AVANA LA JOLLA APTS.

Sincerely,

Collection Representative
404-419-1470
12_D

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose.

Complaint
-15-

# EXHIBIT 4

**National Credit Systems, Inc.**

P.O. Box 312125 Atlanta, GA 31131  (800) 459-1539  (404) 629-2728
Monday - Thursday 8:00 a.m. - 7:00 p.m., Friday 8:00 a.m. - 5:00 p.m.

06/03/2020

Rimon Abaskharon
6780 FRIARS RD UNIT 365
San Diego CA 92108-1194

Current Creditor: La Jolla Blue Apts
Client Account Number: 57
NCS Account Number: 4318141

Balance: $2,617.74

We are aware of your dispute concerning the above referenced account.

Your dispute has been investigated; however, we have yet to find sufficient evidence to validate your claim(s). It is very important that you provide our company with all relevant documentation and information supporting your position.

In the event that new information is obtained which places doubt on the validity of this debt, we will promptly update our records appropriatley. In addition, National Credit Systems, Inc. will revise or delete the information it may have reported to the three major credit bureaus, in full compliance with the provisions of The Fair Credit Reporting Act ,The Fair Debt Collections Practices Act and any state regulations that may be applicable.

It is important to know that National Credit Systems, Inc. is a third party debt collection agency whose efforts are solely on behalf of the current creditor who has previously validated this debt.

Enclosed you will find documentation provided to us by La Jolla Blue Apts.

Sincerely,

Collection Representative
404-419-1470
11_D

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose.

Complaint
-17-

# EXHIBIT 5

Rimon Abaskharon
Rachel Abaskharon
6780 Friars Rd., #365
San Diego, CA 92108

August 10, 2020

National Credit Systems, Inc.
P.O. Box 312125
Atlanta, GA 31131-2125

*Via Certified Mail Return Receipt Requested*

**Re:   Your letter dated April 8, 2020 demanding $2.617.74**
**Your account no. 4318141**
**Purported Current Creditor: Avana La Jolla Apts. / 57**

To Whom it May Concern:

We write this letter to inform you that we continue to dispute the accuracy of the information contained in the correspondence that National Credit Systems, Inc. ("you"), sent to us dated April 8, 2020.

As a debt collector, you are obligated under federal law to verify the accuracy of the allegations contained in your letter. Pursuant to *I5 U.S.C. Section 1692g*, you must obtain verification of the debt or a copy of the judgment and forward such verification or copy of the judgment to us. Since you have failed to request from the purported original creditor a full and detailed account summary and all agreements pertaining to the early termination and notice thereof, you have failed to meet this obligation to properly verify the accuracy of the purported debt.

Regarding early termination fees, as stated in our previous letter, we made an alternative agreement with our former landlord, whom you claim to represent, that is totally inconsistent with the amount of money you are demanding that we pay. We do not owe anything to you or to Avana La Jolla Apartments or to Greystar Property Management. We terminated our lease with Avana La Jolla Apartments by an agreement that required us to pay $578.20. This agreement was made in writing and reflected that only 7 days rent would be charged because the unit was to be renovated after we moved out.  In the enclosed account statement, you will see the charge of $578.20 made by Avana La Jolla Apartments on December 3, 2019.   I was advised by their staff that there would be a $319.74 credit applied as our rent was paid beyond the date of termination, so we made a payment of $258.46 on December 20, 2019 that fully compensated the terms of that agreement and resolved all balances due to the termination of the lease. In addition to arranging and acting in accordance with this agreement, your client's property manager noted in its systems that he/she would only charge a breakage fee equal to 7 days of rent, prior to our decision to extend the lease.   Finally, the $2500.00 breakage fee is erroneous because there is no writing confirming that (which is required by the lease) and had I been told that the charge was $3,008.46, I would not have moved and instead cancelled the plans I was making for my subsequent housing arrangement.

Regarding insufficient notice, you will see proper notice was given and agreed upon if your client would provide you all the documentation regarding the notice given and the termination agreement.

Complaint
-19-

Regarding damages, your client fails to show any justification for the charges. As previously stated, the maintenance manager also cleared our apartment of any damages or cleaning charges and specifically told us at our pre-move-out inspection that no charges would be deducted from our $99 deposit. All charges from damages should be removed.

Regarding utilities, the statement of utilities provided is not sufficient and inaccurate in comparison to the portion of debt due to utilities which your client purports. In the enclosed account statement, you will see that all utility charges billed through December 31, 2019 were paid in full. The purported charges for utilities in the document titled *Final account statement – Revised* provided by you, do not match those in the document titled *Utility Statement for Avana La Jolla,* which were also provided by you.

Regarding the $99.00 deposit placed on the apartment, your client continues to incorrectly withhold it from us, without justification or the due diligence to review their own accounts.

If you fail to comply with the provisions set forth by the Federal Fair Debt Collection Practices Act, we may be forced to seek legal action against you. If we are forced to seek legal action, you may be liable for incidental and consequential damages, costs, and possibly punitive damages. Do not attempt to communicate with us except in writing at the address above.

                Sincerely,

  Rimon Abaskharon            Rachel Abaskharon